UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| George Jeffrey Moore, | ) |
| Plaintiff, | ) Case No.: 1:22-cv-527 |
| vs. | ) Judge Michael R. Barrett |
| ADT Corporate, | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the Magistrate Judge's September 28, 2022 Report and Recommendation ("R&R") (Doc. 5). Plaintiff was given proper notice under Fed. R. Civ. P. 72(b), including notice that he may forfeit rights on appeal if he failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Plaintiff subsequently filed a response (in the template of a business memo) "to the letter that was sent to me on 9-28-2022," which the Court will construe as timely objections. (Doc. 6).

The Magistrate Judge recommends that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[1] and, further, that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any subsequent appeal would not be taken in

---

[1] The Magistrate Judge granted Plaintiff's application to proceed without prepayment of the civil complaint filing fee in an Order docketed on September 28, 2022. (Doc. 3). She concomitantly recommended dismissal with prejudice as authorized by 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that[ ] . . . the action . . . fails to state a claim on which relief may be granted[.]").

1

good faith.  This result was correct based on the bare bones complaint screened by the Magistrate Judge.  It remains correct, even if the facts subsequently alleged by Plaintiff in his objections were alleged originally in his complaint.[2]

**Standard**.  When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

**Summary of the R&R.**  As the Magistrate Judge explains, Plaintiff's complaint states, verbatim, "Company instituted discriminatory practices, falsification of documents."  (Doc. 5 PAGEID 26 (quoting Doc. 1-1 PAGEID 6)).  As relief, Plaintiff asks the Court to "Investigate claims filed by EEOC Right to Sue received from EEOC Indianapolis."  (*Id.* (quoting Doc. 1-1 PAGEID 7)).  The Magistrate Judge recommends a *sua sponte* Rule 12(b)(6) dismissal, because "Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that [ADT Corporate] violated [P]laintiff's constitutional rights."  (*Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  For example, "Plaintiff does not allege whether he was employed by ADT; whether he suffered an adverse action (like being fired or not hired); what specifically

---

[2] A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

happened to him giving rise to his complaint; or when such actions occurred." (*Id.* PAGEID 26–27).

**Analysis.** Plaintiff's objections include some facts that would allow certain reasonable inferences supporting a claim for constructive discharge (possibly) on the basis of race[3] or (more likely) disability[4]. But he includes one fact that precludes either such discrimination claim from moving forward—that is, the date on which the EEOC[5] "granted me the right to sue letter." (Doc. 6 PAGEID 29).[6]

EEOC Form 161 (11/2020) advises the recipient that, "Your lawsuit **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." https://www.eeoc.gov/selected-eeoc-forms (last visited 12/19/2022) (all emphasis in original). "Courts strictly enforce the 90-day time period and presume the EEOC has provided notice to trigger the 90-day limitation period five days after it mails the right-to-sue letter to the claimant's record address." *Byrd v. PepsiCo/Frito-Lay*, No. 5:20-cv-01923, 2021 WL 307662, at *2 (N.D. Ohio Jan. 29, 2021) (citing *Graham-Humphreys v. Brooks Museum of Art, Inc.*, 209 F.3d 552, 557–58 (6th Cir. 2000)). "The presumption may be rebutted where the plaintiff proves 'that he did not in

---

[3] Plaintiff does not disclose his race. For purposes of a § 1915(e)(2)(B)(ii) screen, however, the Court will presume he is black based on his statement that "[a]pproximately a year and a have (sic) ago all of my Case Records have been housed at the Cincinnati Ohio Branch of the NAACP." (Doc. 6 PAGEID 29).

[4] Plaintiff refers to suffering "several nervous breakdowns," being put "on Medical Leave on April 9th 2021" by his primary care physician, visits with two different psychologists, returning to work "even though I was not Mentally Stable to do so," then "out of 100's of agents in this division I was dropped to to (sic) lowest person in the company," and approximately six weeks later "I had another breakdown, and my doctor request and for my health, I resigned for health reason." (*Id.*).

[5] U.S. Equal Employment Opportunity Commission

[6] Plaintiff did not attach a copy of his Notice of Right to Sue to either his complaint or his objections.

fact receive notification within that period.'" *Id.* (quoting *Rucker v. Potter*, 215 F. App'x 406, 408 (6th Cir. 2007) (citing *Graham-Humphreys*)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* (quoting *Graham-Humphreys*, 209 F.3d at 561).

Plaintiff is silent as to the date he received his right-to-sue notice, but states that it is dated June 10, 2022. Applying the five-day presumption, then, the 90-day limitations period began to run on June 15, 2022 and expired on September 12, 2022. Plaintiff did not file his complaint until September 14, 2022, making it two days late. Under *Graham-Humphreys*, the Court must strictly enforce the 90-day limitations periods as to Plaintiff's putative claims for race and/or disability discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) or the Americans with Disabilities Act (42 U.S.C. 12101 *et seq.*), respectively.

The Court **ACCEPTS** the September 23, 2022 recommendation of the Magistrate Judge (Doc. 5) that Plaintiff's complaint be dismissed with prejudice. However, the complaint will not be dismissed under *Iqbal*, but, instead, because the claims (purportedly) asserted therein are untimely. Accordingly:

1. Plaintiff's complaint is **DISMISSED with prejudice**.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith and thus denies Plaintiff leave to appeal *in forma pauperis*. As a non-prisoner, however, Plaintiff remains free to apply to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

    **IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT